**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RITCHIE G. SNYDER,** ) | **CV F 04-5206 OWW WMW HC** |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **FINDINGS AND** |
| ) | **RECOMMENDATIONS RE** |
| ) | **DISMISSAL OF PETITION** |
| **A. A. LA MARQUE,** ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court.  On March 5, 2004, this court entered findings and recommendations that the petition be dismissed as a successive petition pursuant to 28 U.S.C. 2244(b).  On April 9, 2004, Petitioner filed a motion to hold this case in abeyance to obtain leave from the Ninth Circuit to file a second or successive petition. On April 20, 2004, the court entered an order granting Petitioner's motion and requiring Petitioner to provide the court with a copy of his Motion for Leave to Authorization to File a Second or Successive Habeas Corpus Petition filed in the Ninth Circuit.   Petitioner complied with that order.  On

March 15, 2006, the court ordered Petitioner to inform the court of the outcome of that motion, by providing this court with a copy of the order of the Ninth Circuit resolving his motion. On March 29, 2006, Petitioner responded to the court's order, stating that the Ninth Circuit had denied his request to file a second or successive petition, and that he had lost his copy of the order. Petitioner informs the court that he has written to the Ninth Circuit requesting an additional copy of that order.

Petitioner filed the present petition on January 30, 2004. Petitioner challenges his September 1998 conviction in the Kern County Superior Court of two counts of robbery, assault with a deadly weapon, three prior convictions for serious felonies, and five prior prison terms. Petitioner previously filed a habeas corpus petition on March 19, 2001 in case number CV F 01-5328 OWW LJO HC in which he challenged the above 1998 conviction. That petition was denied on February 20, 2003, and judgment was entered on February 21, 2003.

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107,

117 S.Ct. 1114 (1997), *overruled on other grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on January 30, 2004, after the enactment of the AEDPA, thus it is governed by its provisions.

Under the gatekeeping" provisions of the AEDPA,  an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

A court of appeals may grant such an order only upon a showing that:

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).  In the present case, Petitioner has informed the court that the Ninth Circuit has denied his request to file a second or successive petition.  Therefore, under Section 2244(b)(2), this court must dismiss Petitioner's present petition.

Based on the foregoing, IT IS HEREBY RECOMMENDED that this petition for writ of habeas corpus be dismissed as a second or successive petition and that the Clerk of the Court be directed to enter judgment for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

1  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
2  California.  Within thirty (30) days after being served with a copy, any party may file written
3  objections with the court and serve a copy on all parties.  Such a document should be
4  captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the
5  objections shall be served and filed within ten (10) court days (plus three days if served by
6  mail) after service of the objections.  The court will then review the Magistrate Judge's
7  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file
8  objections within the specified time may waive the right to appeal the District Court's order.
9  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  IT IS SO ORDERED.

11  **Dated:   April 6, 2006**             /s/  William M. Wunderlich
    mmkd34                          UNITED STATES MAGISTRATE JUDGE